STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2022 CA 0290

JOHN LAMARTINA

VERSUS

WYNNE, GOUX & LOBELLO, ATTORNEYS AT LAW, L.L.C.,
VINCENT F. WYNNE, JR., ESQ. AND
SHANNON K. LOWRY, ESQ.

Judgment Rendered: **MAR 1 6 2023**

* * * * *

APPEALED FROM THE TWENTY-SECOND JUDICIAL DISTRICT COURT
IN AND FOR THE PARISH OF ST. TAMMANY
STATE OF LOUISIANA
DOCKET NUMBER 2017-10319

HONORABLE WILLIAM H. BURRIS, JUDGE PRESIDING

* * * * *

John LaMartina                      Plaintiff-Appellant
New Orleans, Louisiana              Pro-Se


Gus A. Fritchie, III                Attorney for Defendants-Appellees
New Orleans, Louisiana              Wynne, Goux & Lobello, Attorneys at
                                    Law, L.L.C., Vincent F. Wynne, Jr.,
                                    and Shannon K. Lowry


* * * * *

**BEFORE: McCLENDON, HOLDRIDGE, AND GREENE, JJ.**

McClendon, J. concurs in results assigned.

**GREENE, J.**

This is an appeal from a judgment that dismissed all of the plaintiff's claims on the grounds of abandonment. For the following reasons, we dismiss the appeal and remand the case for further proceedings.

## FACTS AND PROCEDURAL HISTORY

The plaintiff, John LaMartina, filed a legal malpractice action against Wynne, Goux & Lobello, Attorneys at Law, LLC, Vincent F. Wynne, Jr., and Shannon K. Lowry (the defendants) on January 20, 2017. Mr. LaMartina alleged that the defendants had failed to properly appeal the dismissal of his claims related to the ownership of a promissory note and mortgage. See **Lake Villas No. II Homeowners' Ass'n, Inc. v. Elisa LaMartina**, 2015-0244 (La. App. 1 Cir. 12/23/15), 2015 WL 9435193, writ denied, 2016-0149 (La. 3/14/16), 189 So.3d 1070. The defendants filed an answer on March 20, 2017.

The defendants filed a peremptory exception raising the objection of peremption on September 22, 2017, maintaining that more than one year had passed from the dismissal of the appeal and that the matter was barred by the passage of time. The hearing on the exception raising the objection of peremption was rescheduled several times because the defendants were unable to successfully serve Mr. LaMartina with notice of the hearing, despite numerous attempts by the St. Tammany Parish Sheriff's Office and the subsequent appointment of a private process server.

On March 15, 2021, the defendants filed an ex parte motion to dismiss the suit without prejudice on the grounds of abandonment pursuant to La. C.C.P. art. 561. The defendants maintained that the suit was abandoned as of March 6, 2021. The defendants attached the affidavit of Gus A. Fritchie, III, their attorney, averring that that the last formal action in the case occurred on March 6, 2018, when Mr. Fritchie requested that the district court remove the hearing of the defendants' peremptory

2

exception raising the objection of peremption from the district court's docket. Mr. LaMartina filed an opposition to the motion for dismissal. The district court set the motion to dismiss for a hearing.[1]

The hearing was held on October 8, 2021. Mr. LaMartina did not appear at the hearing. At the conclusion of the hearing, the district court found that the matter was abandoned; however, no judgment was signed at that time. Mr. LaMartina filed a "MOTION TO RECONSIDER AND RESET HEARING" on November 10, 2021. The district court signed a judgment on November 29, 2021, dismissing all of Mr. LaMartina's claims on the grounds of abandonment. Mr. LaMartina appealed that judgment. No ruling was made on Mr. LaMartina's motion to reconsider the matter.

## DISCUSSION

The Louisiana Code of Civil Procedure does not provide for a motion to reconsider with respect to any final judgment, and such a motion is generally treated as a motion for new trial. See **Whitney Bank v. Rayford**, 2021-0406 (La. App. 1 Cir. 12/9/21), 332 So.3d 1243, 1247 n. 5.

Louisiana Code of Civil Procedure article 561(A)(4) provides that a motion to set aside an order of dismissal, rather than a motion for new trial or a motion to reconsider, may be filed only within thirty days of the date of the sheriff's service of the order of dismissal. It is evident from Mr. LaMartina's motion that he sought to reverse the order of dismissal for abandonment; thus, we treat the motion as a motion to set aside the order of dismissal pursuant to Article 561(A)(4). See La. Code Civ. P. art. 865; **Dougherty v. Dougherty**, 2021-0433 (La. App. 1 Cir. 3/29/22), 341 So.3d 669, 675 (Every pleading is to be so construed to do substantial

---

[1] We note that La. C.C.P. art. 561(A)(1) provides that an action is abandoned when the parties fail to take any steps in the prosecution or defense in the trial court for a period of three years, with exceptions that do not apply herein. Further, La. C.C.P. art. 561(A)(3) provides that this provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The sheriff shall serve the order in the manner provided in Article 1314, and shall execute a return pursuant to Article 1292. La. C.C.P. art. 561(A)(3).

3

justice, and regardless of the parties' interpretation of the caption of a party's pleading, courts will look to the import of a pleading and will not be bound by its title.) The hearing on the motion to set aside the dismissal is a contradictory hearing wherein the plaintiff must produce evidence as to why the order of dismissal should not be set aside. **BAC Home Loans Servicing, LP v. Louis**, 2020-0717 (La. App. 1 Cir. 5/13/21), 326 So.3d 904, 909.

As the district court has not ruled on the outstanding motion for reconsideration/motion to set aside the order dismissing the case on the grounds of abandonment, the appeal is premature. Thus, the appeal is dismissed and we remand the matter to the district court for further proceedings consistent with this opinion.

## CONCLUSION

For the foregoing reasons, we dismiss the appeal and remand the matter to the district court. Despite his pauper status, the costs of this appeal are assessed to John LaMartina. See La. C.C.P. arts. 2164 and 5188.

**APPEAL DISMISSED; CASE REMANDED.**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2022 CA 0290

JOHN LAMARTINA

VERSUS

WYNNE, GOUX, & LOBELLO, ATTORNEYS AT LAW, L.L.C., VINCENT F. WYNNE, JR., ESQ., AND SHANNON K. LOWRY, ESQ.

*************************************************

**McClendon, J., concurring.**

Given the unique and convoluted procedural posture of this case, I concur in the dismissal of the appeal.